HaRROn, J’., dissenting: The majority conclusion is that petitioner was engaged in business. This means, as I understand the conclusion, that she was engaged in two separate businesses, because the Forsyth Street property had no relation to the H. M. Patterson undertaking business. I understand, also, that the deduction claimed is allowed as a deduction for salary under section 23 (a) (1) (A). I must respectfully dissent from the view that the issue presented does not necessitate considering the question of the reasonableness of the salary. Respondent clearly contends, on brief, that the sum in question, $3,600, must be allocated to each class of service given by Noble. I understand this contention to mean that petitioner must show what respective amounts represent a reasonable allowance for compensation for services given to the Forsyth Street property and to the undertaking business. The pertinent section provides that only a reasonable allowance for compensation for services is deductible. Petitioner has failed to allocate the total amount of the salary between the two businesses she claims to have been conducting, and she has failed to show what the reasonable compensation for the service given to each business was. If this Court can make the determination of the respective allowances, it should do so. Cohan v. Commissioner, 39 Fed. (2d) 540. The record falls short of showing clearly what Noble’s services were worth in the business of renting the office building, for he did little more than collect two-thirds of the rents. An agent, Adams-Cates Co., was employed to collect the remainder of the rents. The most minor repairs were made in the taxable years, costing $36 and $22, and no new leases were made (the evidence showing only that Noble negotiated some new leases in 1946). Noble collected about $4,000 of rents in each taxable year. The question which I think must be decided is, What constitutes reasonable compensation for the services performed, under the facts ? The same question needs to be answered with respect to Noble’s work relating to the business of H. M. Patterson & Son in the taxable years. The record does not show clearly what Noble did in the taxable years in looking after the interest of petitioner in the partnership. It shows only that he gave some “advice,” the nature of which is not stated; and that he attended some meetings of stockholders or directors of the Family Fund Life Insurance Co., the number of meetings not being shown. The evidence is general and vague on the point of just what Noble did in the taxable years to look after petitioner’s interest in H. M. Patterson & Son and Family Fund Life Insurance Co., and upon such limited evidence it would be difficult to determine what constituted a reasonable allowance for such services.